[Sac. No. 6030. In Bank. Feb. 16, 1953.]

MARY RUTH MAY, Petitioner, v. BOARD OF DIRECTORS OF EL CAMINO IRRIGATION DISTRICT (a Public Corporation), Respondent.

W. Coburn Cook for Petitioner.

Bruce A. Werlhof for Respondent.

CARTER, J.—In a mandamus proceeding instituted in this court by Mary Ruth May, the owner of $5,000 of the $423,000 of bonds issued by the El Camino Irrigation District together with interest coupons, she obtained a writ of mandate ordering the board of directors of the district to levy an assessment on lands in the district to pay her bonds and interest. (*May* v. *Board of Directors*, 34 Cal.2d 125 [208 P.2d 661].)

Since the issuance of said writ, May has filed a petition in this court in that proceeding, designated a petition for relief in aid of writ of mandamus, charging in chief that although the board of directors of the district has levied two assessments,

one for a million dollars and the other for something over $100,000, (the amounts being apparently considered by the board as an amount sufficient to pay all of the bonds and interest thereon, the last of which, according to the board, matures in 1954), various steps required by the irrigation district law (Wat. Code, § 20500 et seq.) were not followed, including the failure to equalize the assessments or give notice thereof, complete the computations for the amount of the assessments on each parcel of land or give proper notice of the assessments to the assessees, and defects in the resolution levying the assessment and in other respects. The board asserts that it levied the assessments, and in due course, after the period of redemption has expired, deeds will be issued conveying delinquent lands to the district; that there are either no defects in the proceedings or they will or have been cured by provisions of the irrigation law; that it has done its best to comply with the writ of mandate heretofore issued by this court and that if the assessments heretofore levied are irregular it is desirous of complying with the law and the writ.

Without deciding the validity of the assessments levied or the effect of curative provisions, it is quite apparent that there is very serious doubt of their validity and hence they are subject to attack even though it may be unsuccessful. Some indication of this situation is that the District Attorney of Tehama County, in which the district is located, has commenced a proceeding in the superior court of that county for a writ of mandamus to compel the county board of supervisors to make the levy,* alleging that the duties with reference to levying assessments had not been properly performed in various respects by the board of directors of the district.

Apparently the board of directors of the district has not had proper legal advice on the proceedings to be taken by them and has relied on copies of old proceedings. The members of the board assert that they have not intentionally

---

*Under the irrigation district law if assessments are not properly levied as required by the board of directors of the district, the county board of supervisors must do it. (Wat. Code, § 26500), and the district attorney shall each year ascertain whether the district board has performed its duties, and if he finds it has not done so, he shall advise the board of supervisors, and if the latter does not then perform those duties, the district attorney shall take action to compel their performance by the board of supervisors. And finally, if the district attorney does not take such action the Attorney General shall do so. (Wat. Code, §§ 26550-26553.)

refused to obey the writ issued by this court and are willing to obey it.

Taking into consideration the interest taken in the matter by the District Attorney of Tehama County, and what has already transpired, together with the expressed willingness of the board to comply with the writ, we do not believe petitioner's petition should be granted. Indeed her counsel stated at oral argument that it was not the purpose of petitioner to have the district board cited for contempt but rather to have it state what it has done or intends to do in compliance with the writ. It has done that. If more is required the board shall have one year from and after the date hereof to comply with the writ in the manner required by the Irrigation District Law.

In all other respects the petition is denied, and the order to show cause is discharged.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied March 16, 1953.